Black *v.* Foster.

---

### BLACK *vs.* W. M. FOSTER and D. C. FOSTER.

Where testimony is offered which is relevant as to one of two defendants but is irrelevant as to the other, it must be objected to by the latter on that ground. If an exception is taken by both defendants, it is not erroneous to overrule it.

Where, in an action to recover the possession of personal property, the defendants appear and answer, and claim a redelivery of the property to them, and give an undertaking under the 211th section of the code, in which it is stated that they require a return to them of the property taken, such undertaking is competent testimony to go to the jury to disprove an allegation in their answer that they do not detain the property described in the complaint. It is for the jury to say how much weight such an undertaking is entitled to, and how far it goes to establish the point that the defendants claim to detain the plaintiff's property.

THE plaintiff sold to the defendant William M. Foster, in August, 1854, a quantity of lumber, on the terms cash for

freight and his note for four months for the amount of the bill of lumber. The lumber was placed on a wharf in the city of New York and measured, and the bill presented at the defendant W. M. Foster's office, and the terms of sale not being complied with, the property was demanded of him and he refused to deliver it, stating that he had made an assignment and had put every dollar in it. To a threat to take the property away, he replied that it could not be taken away, as it was put into his assignment. This was on the 28th of August. The assignment was dated and executed on the 11th of Sept. 1854, and was made by Wm. M. Foster to the other defendant and another person, and was signed by both defendants, and its execution acknowledged on the same day. The property was taken by the sheriff, and the defendants claimed a re-delivery to them, and caused an undertaking to be executed according to the code, which stated that they required a return to them of the property taken. This undertaking was executed and acknowledged about the time the defendants' answer was put in.

The jury found a verdict for the plaintiff, and a judgment was thereupon entered; from which judgment an appeal was taken.

*D. D. Lord*, for the plaintiff.

*M. Cornwall*, for the defendants.

*By the Court*, DAVIES, P. J.   Several exceptions were taken to the rulings of the justice at the circuit, and those rulings, if erroneous, will entitle the defendants to a new trial.

The first exception taken is to the admission of the declaration of Wm. M. Foster, when called upon to comply with the terms of the sale. This testimony was objected to by the defendants, and not by the defendant H. C. Foster as irrelevant as to him. It was clearly competent as to Wm. M. Foster, and if the defendant D. C. Foster wished to object to it as

Black *v.* Foster.

incompetent as to him, he should have so stated the ground of his objection. It was not incompetent, irrelevant or improper as to the defendant Wm. M. Foster, and was therefore properly admitted.

The next exception was to the admission of the assignment executed by both defendants. We are unable to see any error in this. It was the act of both, and contained their joint declaration, and was competent testimony as to both.

The next exception was to the admission of the undertaking put in in this cause, on the return of the property to the defendants. This undertaking was given in the cause, as an act or proceeding therein, under section 211 of the code, which provides that at any time before delivery of the property to the plaintiff, the defendant may require a return thereof upon giving the undertaking prescribed, and on such undertaking being given he is entitled to a return. Both of the defendants in this cause appeared and answered, and by giving this undertaking both claimed a return of the property. It was an act or proceeding in the cause by both defendants, and as such was competent testimony to go to the jury, to disprove the allegation of their answer, that they did not detain the property described in the complaint. It was for the jury to say how much weight it was entitled to, and how far it went to establish the point that both defendants claimed to detain the plaintiff's property. We think the justice properly refused to dismiss the complaint as to the defendant D. C. Foster. There was certainly some evidence to show that he claimed with the other defendant to retain the plaintiff's property, and the jury by their verdict have found that he did so detain it. We think there was evidence to sustain such finding, and that we ought not to disturb their verdict. We see no error in the charge of the justice, or in the refusal to charge as requested. The judgment appealed from must therefore be affirmed, with costs.

[NEW YORK GENERAL TERM, September 20 1858. *Davies, Sutherland* and *Hogeboom,* Justices.]